[No. 22933. Department One. April 28, 1931.]

*In the Matter of the Estates of* AGNES SCHIRBER *et al.,*
*Deceased.*[1]

*M. E. Mack,* for appellants.

*W. W. Zent* and *Powell & Herman,* for respondent.

PARKER, J.—This is an appeal by Oscar Schirber and Katherine Schirber, his wife, from a judgment of the superior court for Spokane county, denying the prayer of their petition to set aside a decree of distribution rendered by the superior court for Lincoln county of the property of the estates of Agnes Schirber, Charles Schirber, and Antonitte Schirber, their daughter, all of whom died in Lincoln county on the same day, their estates thereafter being administered in one probate proceeding in the superior court for that county. The issues presented by the petition to set aside the decree and the answer thereto were, by agreement of all interested parties, transferred to the superior court for Spokane county for trial and disposition.

On July 2, 1929, Agnes Schirber, Charles Schirber, her husband, and Antonitte Schirber, their only child,

[1]Reported in 298 Pac. 682.

an unmarried minor, died as the result of an automobile accident. Agnes died first, shortly thereafter Charles died, and a few hours thereafter their daughter Antonitte died. They all died in Lincoln county, all being then residents of that county. Several years prior thereto, Agnes and Charles had each made a will, each making a nominal bequest to their daughter Antonitte, and leaving all the remainder of his or her property to the survivor. The property of the parent who died first passed by will to the surviving parent, and the property of the surviving parent passed by inheritance to the daughter Antonitte; the property so passing to Antonitte being the property involved in this controversy.

The wills were duly admitted to probate in the superior court for Lincoln county, and appellant Oscar Schirber, the father of Charles and the grandfather of Antonitte, was by that court appointed administrator of all three estates, their administration being consolidated in the one probate proceeding. In due course, Oscar filed a final account of his administration of the estates, and also a petition for distribution, alleging Ignatius Schirber, an uncle of Antonitte, to be her only heir, and as such entitled to the property of the estates remaining after payment of their debts and expenses of administration. Oscar now claims to have made this allegation in his petition for distribution upon the advice of his then counsel, who, in turn, now claims that, while he so advised Oscar, he later, sometime before the distribution, advised Oscar and his wife that such prior advice was erroneous.

The final account and petition for distribution were duly noticed for hearing at a future fixed date, as required by law. In the meantime, Ferdinand Antos, by his counsel, served upon counsel for Oscar and his wife, and filed in the probate proceedings, written objections

to distribution according to the allegation of the petition for distribution, alleging himself to be the father of Agnes Schirber, and therefore the maternal grandfather of Antonitte, and prayed that the property of the estate be distributed, one-half to himself as heir of Antonitte; and conceding that Oscar and wife are the father and mother of Charles, and therefore the paternal grandparents of Antonitte, and as such are entitled to the other one-half of the property of the estates.

The matter of distribution came on regularly for hearing in the superior court. Oscar and wife appeared in person and by counsel, and Ferdinand Antos appeared by counsel. Evidence was introduced, principally touching the question of who were entitled to distribution as heirs of Antonitte, that being the principal question as to which there was any serious dispute, and, the matter being submitted to the court for final disposition, the trial judge rendered his memorandum decision and entered a final decree of distribution awarding the property of the estates: To Ferdinand Antos, an undivided one-half, manifestly upon the theory that he was the sole surviving maternal grandparent of Antonitte; and to Oscar Schirber and Katherine Schirber, an undivided one-half, manifestly upon the theory that they were the surviving paternal grandparents of Antonitte. No appeal has been taken from that decree.

On March 31, 1930, Oscar Schirber and his wife, deeming themselves aggrieved by the decree of distribution and entitled to have it set aside, being then represented by other counsel, filed in the probate proceedings their petition so praying, alleging, in substance, that they were surprised at the condition confronting them at the distribution hearing, particularly in that they were led up to that time, by the advice of

counsel, to believe that Ignatius Schirber, the uncle of Antonitte, was her rightful, sole heir, and as such entitled to the property, as Oscar had alleged in his petition for distribution; that they were not then prepared, and did not have cause to be prepared, to meet the question of whether or not Ferdinand Antos was, in fact, the father of Agnes and the grandfather of Antonitte; that Ferdinand Antos is not the grandfather of Antonitte; and that petitioners are the only surviving grandparents of Antonitte.

The prayer of the petition is that the decree of distribution be set aside, and that the court decree petitioners to be entitled to the whole of the property of the estates. The petition was answered by counsel for Ferdinand Antos, which answer put in issue all of the alleged facts set up as cause for the setting aside of the decree of distribution.

The issues so made proceeded to trial in the superior court, at which evidence was introduced in behalf of the respective contesting parties touching the alleged cause for setting aside the decree of distribution. The matter being thereupon submitted to the court for final disposition, the trial judge rendered a brief memorandum opinion, reaching the conclusion that the prayer of the petition should be denied, and entering its judgment accordingly.

The correct disposition of this controversy seems to us so well and truthfully stated by the trial judge in his memorandum opinion disposing of appellants' petition to set aside the decree of distribution, that we here adopt the following of his observations made therein as our own:

"Upon the hearing for settlement of final account and petition for distribution, the Court had before it not only the petition of the administrator to distribute the entire estate to his son, Ignatius Schirber, but also

the objections of Ferdinand Antos, asking that one half the estate be distributed to himself and the other half to Oscar Schirber and his wife. This presented a clean cut issue as to who was entitled to the estate. The claim of Antos to a part of the estate had been known to the administrator for better than two weeks. He and his attorney had discussed the question of continuance, and decided not to ask for it. The petition was heard by the Court upon evidence given before it. From this evidence the Court concluded that Ferdinand Antos was entitled to one half of the estate. . . . Under the pleadings upon which the hearing was had, I do not see how it can now be claimed that there was either surprise or mistake in the sense of the statute. The question seems to me to be entirely free from doubt. The decree of distribution, therefore, must stand.''

The trial judge evidently meant, as the evidence shows, that the claim of Antos to a part of the estate had been known to both Oscar, the administrator, and Katherine, his wife, for the better part of two weeks, and that they and their attorney had discussed the question of continuance and decided not to ask for a continuance; though the judge's language, read literally, does not, in terms, refer to Katherine's knowledge.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.